OPINION
Defendant-appellant, Kenneth Smith, appeals from the judgment of the Shelby County Court of Common Pleas finding him to be a sexual predator.
On June 4, 1991, defendant was indicted by the Shelby County Grand Jury on one count of felonious sexual penetration and one count of gross sexual imposition with a prior offense of violence specification. The defendant thereafter entered into an agreement in which the count of felonious sexual penetration was dismissed and he pled guilty to the count of gross sexual imposition and the specification. This offense involved a male child of the age of ten years old. The trial court sentenced him to four to ten years imprisonment, to be served concurrent with a prior sentence.
On December 30, 1998, a sexual predator classification hearing was held pursuant to R.C. 2950.09. The trial court found defendant to be a sexual predator. Defendant now appeals the sexual predator determination and raises the following four assignments of error:
 The trial court erred by failing to consider relevant psychological evidence, both from the original cases in 1991, and subsequent treatment of the appellant since his incarceration.
 The trial court committed reversible error in relying upon a pre-sentencing investigation which contained false, misleading and hearsay information.
 The trial court erred in failing to review all relevant criteria of Ohio Revised Code 2950 in conducting the sexual predator hearing.
 The trial court erred in failing to give appellant any opportunity to present a reasoned rebuttal or defense.
Defendant's assignments of error will be discussed jointly as follows. In his second assignment of error, defendant contends that the trial court erred in relying on the presentence investigation report because he was not given an opportunity to cross-examine or question witnesses on the report. Defendant's fourth assignment of error also alleges he was denied the opportunity to present rebuttal evidence or of evidence in his defense.
Pursuant to R.C. 2950.09(B)(1), both the offender and the prosecutor "shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." The Ohio Supreme Court has recently held that "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge" in the sexual predator determination. State v.Cook (1998), 83 Ohio St.3d 404, 425.
In this case, defense counsel never objected to the reliability or to the contents of the presentence investigation report. Even though the trial court offered defense counsel the opportunity to present evidence, counsel stated he had no evidence to present at the hearing. Therefore, we find that the trial court did not err in relying upon the information contained in the presentence investigation report. Nor does the record support the defendant's assertion that he was never given an opportunity to present evidence or testimony. Accordingly, we overrule defendant's second and fourth assignments of error.
In his third assignment of error, defendant asserts that the trial court failed to consider all of the statutory factors in R.C. 2950.09(B)(2) because it did not mention certain factors in deciding that he is a sexual predator. Defendant's first assignment of error specifically argues that consideration of whether defendant suffers psychological problems was absent in this case.
In determining whether the offender is a sexual predator, the court must consider all relevant factors, including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2). R.C. 2950.09(C)(2). The statutory criteria in R.C.2950.09(B)(2)(a) through (j) include: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. Finally, after reviewing all the testimony and evidence presented at a hearing and taking into consideration the statutory factors, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(C)(2).
When discussing a trial court's consideration of the statutory factors, we note that the Ninth District has stated as follows:
 The enumerated criteria are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before a defendant can be considered a sexual predator. Simply because certain factors may not apply to a particular defendant does not mean he or she cannot be adjudicated a sexual predator.
State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at *9. Additionally, the Second District Court of Appeals stated in State v. Bradley (June 19, 1998), Montgomery App. No. 16662, unreported, at *5, that:
 Courts need some flexibility, since the inquiry in sexual predator cases is very fact-intensive. For example, in some situations, the victim's age may be completely irrelevant and other factors like the offender's prior criminal record may take on greater significance. In other cases, like the present, the victim's age will be significant. Generally, if a very young child is molested, age is a strong factor because our society has taboos against sexual contact between adults and young children.
In its January 8, 1999 entry, the trial court did state that based upon the evidence presented, which consists of the presentence investigation report and the court file, as well as having reviewed the statutory criteria, it found the defendant to be a sexual predator. The record also reveals that in reviewing the presentence investigation report, the trial court considered the defendant's prior criminal record. Further, the trial court noted the age of the victim involved in defendant's guilty plea to gross sexual imposition. In addition, the trial court noted the nature of the sexual conduct with the victim as indicated in the summary in the presentence investigation report and found defendant's conduct demonstrated "a pattern of abuse." The trial court also noted that the presentence investigation report indicated alcohol was used, that defendant had threatened the victim, and that satanic ceremonies had been used.
After our review of the record, we are convinced that the trial court did consider the criteria under R.C. 2950.09(B)(2). As for defendant's assertion about consideration of psychological evidence, we note that defense counsel never requested a new psychological evaluation of defendant. Further, the record does not show that evidence of defendant's psychological state was in existence at the time of sentencing. Accordingly, we hold that the defendant was properly adjudicated a sexual predator by clear and convincing evidence. The defendant's first and third assignments of error are overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.